UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTOPHER McCHESTER,

                    Plaintiff,

v.                                          CASE NO. 21-cv-12175

JODI HEMINGWAY,                  HONORABLE VICTORIA A. ROBERTS
TABITHA MARIE MARSH,
GREGORY CORA, GENESEE
COUNTY 67TH DISTRICT
ADMINISTRATION, and
FNU BAYETT,

                    Defendants.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT

### I.  Introduction

This matter came before the Court on a *pro se* civil rights complaint.  Plaintiff

Kristopher McChester alleges that he is confined in a cell in Flint, Michigan.  (ECF

No. 1, PageID.2.)  The address that Plaintiff provides for himself is that of the

Genesee County Sheriff.  The Court assumes from the address and Plaintiff's

allegations that he is an inmate at the Genesee County Jail.

The defendants are Jodi Hemingway, Tabitha Marie Marsh, Gregory Cora,

the Genesee County 67th District Administration, and someone with the surname

Bayett. (*Id*. at PageID.1-4.)[1]  Jodi Hemingway is an attorney licensed to practice law in Michigan, and Tabitha Marie Marsh is a Genesee County District Court judge in Flint, Michigan. *See* www.michbar.org.[2]  Plaintiff describes defendant Gregory Cora as an "unnecessary adjudicator" in Flint and defendant Bayett as a "rights violator" in Flint.  (ECF No. 1, PageID. 3-4.)

In the body of his complaint, Plaintiff alleges that he was arrested on January 20, 2021, and that many of the charges stemmed from an illegal search and seizure. (*Id*. at PageID.7-9.)  On February 20, 2021, the Genesee County District Court Administration appointed Ms. Hemingway to represent him in the criminal case, and he was arraigned. (*Id*. at PageID.7.)  Plaintiff seems to be saying that defendant Cora maintained the register of actions in the case. (*Id*.)  Plaintiff also contends that Ms. Hemingway deprived him of his right to effective assistance of counsel, and that Judge Marsh neglected to provide him with a timely preliminary examination. (*Id*. at PageID.6-8.)

Plaintiff seeks $21,000,000 in money damages for the alleged violation of his constitutional rights during the criminal proceedings and because he caught the

---

[1]  Defendant Bayett is not listed as a defendant in the caption for Plaintiff's complaint.  Nor is Bayett listed as a defendant on the docket for this case. However, he or she is shown as "Defendant No. 5" in the complaint.  *See* ECF No. 1, PageID.4.

[2]  Use the "Attorney Search" feature on the home page or go to "For Members" and then "Member Directory."

coronavirus while jailed on the criminal charges.  (*Id*. at PageID.9.)  Plaintiff also seeks injunctive relief.  He wants his vehicle returned to him and the criminal charges dismissed.  (*Id*.)

## II.  Discussion

### A.  Legal Framework

The Court must screen new complaints and summarily dismiss any complaints that are frivolous or malicious, that fail to state a claim for which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (footnote and citations omitted).  In other words, "a complaint must contain sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).

A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The term "frivolous" in § 1915, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id*.

Plaintiff appears to bring his complaint under 42 U.S.C. § 1983, which "makes 'liable' '[e]very person' who 'under color of' state law 'subjects, or causes to be subjected,' another person 'to the deprivation of any rights, privileges, or immunities secured by the Constitution[.]' " *Pineda v. Hamilton Cty., Ohio*, 977 F.3d 483, 489 (6th Cir. 2020) (quoting the statute) (brackets in original). A plaintiff must prove two things to prevail in an action under § 1983: "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

## B. Application of the Law

### 1. Abstention

As noted above, Plaintiff is attacking state criminal charges against him. Because he is challenging the validity of the charges and his physical confinement, his claims would be more appropriate in a habeas corpus action, following exhaustion of state remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 499 n. 14, 500 (1973). A § 1983 action is not a proper remedy for a state prisoner who is challenging the fact or length of his custody. *Id*. at 499.

Furthermore, in *Younger v. Harris,* 401 U.S. 37 (1971), "the Supreme Court held that absent 'bad faith, harassment or any other unusual circumstance,' federal-court abstention is appropriate where a plaintiff invokes federal jurisdiction as a basis for obtaining injunctive relief against state-court criminal proceedings." *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006) (citing *Younger*, 401 U.S. at 53–54).

> There are three requirements for proper invocation of *Younger* abstention: "(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *Sun Ref. & Mktg. Co. v. Brennan,* 921 F.2d 635, 639 (6th Cir. 1990) (citation omitted). "So long as the constitutional claims of respondents can be determined in the state proceedings and so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain." *Middlesex [County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)].

*Id.*

All three *Younger* factors are present in this case. First, Plaintiff's criminal case appears to be pending in state court. Second, his criminal case implicates an important state interest, "as state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere." *Leveye v. Metro. Pub. Defender's Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger,* 401 U.S. at 43–45). Third, Plaintiff has an adequate opportunity to raise his constitutional claims in the state criminal proceedings.

5

Plaintiff has not shown bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate in this case, and he may not "interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case." *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006). *Younge*r abstention requires the Court to defer to the state proceeding. *Id.*

## 2. The Merits

Even if abstention were not an issue, Plaintiff's claims fail on the merits. Defendant Hemingway apparently is or was Plaintiff's defense attorney in state court. Whether retained or appointed by the State, attorneys do not act under color of law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Floyd v. County of Kent*, 454 F. App'x, 493, 497 (6th Cir. 2012) (citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). Thus, Ms. Hemingway is not a proper party in this § 1983 case.

State-court judges act under color of law when performing their judicial duties, but they generally have broad immunity from being sued. *Norfleet v. Renner*, 924 F.3d 317, 319 (6th Cir. 2019) (citing *Mireles v. Waco*, 502 U.S. 9, 9 (1991), and *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351-52 (1871)). Although judicial immunity does not extend to everything a judge does, *id.*, it

> is overcome in only two sets of circumstances. First, a judge is not
> immune from liability for nonjudicial actions, *i.e.,* actions not taken in

6

the judge's judicial capacity.   Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

*Mireles*, 502 U.S. at 11-12 (internal and end citations omitted).

Plaintiff does not allege that Judge Marsh lacked jurisdiction over his case, and her handling of Plaintiff's preliminary examination was a judicial act.  As such, Judge Marsh enjoys immunity from a suit for money damages.  Plaintiff's claim for injunctive relief also "fails because 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.' " *Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012) (quoting 42 U.S.C. § 1983).

As for the other individual defendants, Plaintiff does not allege what, if anything, defendant Bayett did to violate his rights, and the allegations about defendant Cora are unclear.  Based on their addresses, Cora and Bayett appear to be government officials.  But damage claims against governmental officials for alleged violations of constitutional rights cannot be founded upon conclusory, vague, or general allegations; instead, a plaintiff must show what each defendant did to violate the plaintiff's rights. *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002).

Stated differently, the plaintiff must "allege 'with particularity' all material facts to be relied upon when asserting that a governmental official has violated a constitutional right." *Id.*   Conclusory allegations of unconstitutional conduct, without supporting facts, simply do not state a plausible claim for relief under §1983. *Agema v. City of Allegan*, 826 F.3d 326, 333 (6th Cir. 2016) (citing *Iqbal,* 556 U.S. at 680).  Because Plaintiff fails to show that Bayett and Cora did anything to violate his constitutional rights, those defendants must be dismissed from this lawsuit.

The sole entity named as a defendant in this case is the "Genesee County 67th District Administration."  (ECF No. 1, PageID.1.)  Plaintiff appears to be referring to the Genesee County district court's administration.  The court administration, however, is not a "person" within the meaning of 1983.  *Brown v. New York State Unified Ct. Sys*., 261 F. App'x 307, 307–08 (2d Cir. 2008).  Therefore, the Genesee County 67th District Administration also must be dismissed from this action.

### III.  Conclusion

Abstention is appropriate in this case.  Additionally, Plaintiff's allegations lack an arguable basis in law or fact and fail to state a plausible claim for which relief may be granted.  The Court, therefore, summarily dismisses the complaint with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  The Court also certifies that an appeal from this order would be frivolous and could not be taken in

good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

_____
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated: